UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TUBI, INC.,<br>  Plaintiff,<br><br>v.<br><br>KELLER POSTMAN LLC,<br>  Defendant. | Case No. 1:24-cv-01616-ACR<br><br>PRE-MOTION CONFERENCE REQUESTED |

**KELLER POSTMAN LLC'S NOTICE OF INTENTION TO FILE
MOTION TO DISMISS COMPLAINT WITH PREJUDICE**

Defendant Keller Postman LLC ("Keller Postman") submits this notice of intention to file a motion to dismiss the Complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 7 ¶ 7.f.). The motion would rest on three grounds.

*First*, the Court should dismiss Count 1 and the portion of Count 2 seeking to hold Keller Postman liable in tort for advising its clients to challenge, in arbitration, the enforceability of a provision in Plaintiff Tubi, Inc.'s ("Tubi") Terms of Use ("Terms") requiring a 45-day delay before arbitration. (Dkt. 1 ¶¶ 71-78, 83). To state a tortious interference claim, Tubi must allege facts showing breach. *See Casco Marina Dev., L.L.C. v. D.C. Redevelopment Land Agency*, 834 A.2d 77, 83 (D.C. 2003). Keller Postman's clients did not breach the Terms by challenging the delay provision in the only dispute resolution forum the Terms made available: JAMS, Inc. ("JAMS"). (Dkt. 1, Ex. 8 at 130) ("disputes over arbitrability shall be resolved by the arbitrator"). Keller Postman's clients and Tubi are currently participating in the process to select the arbitrator who will resolve that threshold arbitrability dispute pursuant to their delegation agreement. (Dkt. 1 ¶ 5). Put differently, all parties to the delegation agreement are currently complying with that agreement by submitting the arbitrability dispute to an arbitrator. There has been no breach.

Even if an arbitrator eventually rules in Tubi's favor on the pending interpretive dispute, an attorney who pursues her "client's interests on a matter fairly debatable in the law" cannot be liable for tortious interference, *see Nave v. Newman*, 140 A.3d 450, 456 (D.C. 2016) (citation omitted), nor can an attorney who "advises or assists a client to make or break a contract[,]" *see Shenandoah Assocs. Ltd. v. Tirana*, 322 F. Supp. 2d 6, 10 (D.D.C. 2004) (quoting Restatement (Third) of the Law Governing Lawyers § 57(3) (2003)).  As Tubi recognizes, there is a narrow path where "an attorney may be liable if he 'possess[es] a desire to harm which is independent of the desire to protect his client.'"  *Goldschmidt v. Paley Rothman Goldstein Rosenberg & Cooper, Chartered*, 935 A.2d 362, 381 (D.C. 2007) (citation omitted).  But Tubi cannot walk this path because it alleges facts showing that Keller Postman acted in service of, not independent of, its clients' interests.  After Keller Postman's clients filed arbitration demands (Dkt. 1, Ex. 15 at 209), Tubi revised the Terms to insert onerous new procedures and to cure the unenforceability of the delay provision, *compare* (Dkt. 1, Ex. 8 at 130) *with* (Dkt. 1, Ex. 9 at 169-73, 177-86).  The changes confirm that bringing the disputes to arbitration was both wise and justified.  Without a "rush[] to file the[] demands" (Dkt. 1 ¶ 62), Keller Postman's clients would have lost both bargaining leverage and access to a fair arbitral process.

Tubi conclusorily asserts that its opponents in arbitration, Keller Postman's clients, would have been "better off" delaying (Dkt. 1 ¶¶ 56, 67) and that Keller Postman supposedly acted with malice.  But Tubi's *ad hominem* attacks cannot overcome a dispositive fact, which Tubi must and did allege:  all of Keller Postman's actions were to win recoveries in arbitration *for its clients* and then distribute the majority of such recoveries *to its clients*.  (Dkt. 1 ¶¶ 25, 31).  Epithets and legal labels aside, Tubi's Complaint alleges only one form of benefit Keller Postman sought:  pecuniary gain from the matters themselves.  Because Keller Postman represents clients on a contingent basis

(*id.*), the *only* way Keller Postman can further its own interest is by obtaining more money for its clients. By definition, that interest is *dependent on*, and not independent of or in conflict with, the firm's clients' interests, which is fatal to Tubi's *Goldschmidt* argument. *See Nave*, 140 A.3d at 456 (quoting *Shenandoah Assocs. Ltd.*, 322 F. Supp. 2d at 11) (rejecting tort liability just because "the lawyer hopes the action will increase the lawyer's fees or reputation as a lawyer"); *In re Yarn Processing Pat. Validity Litig.*, 530 F.2d 83, 90 (5th Cir. 1976) (cautioning against "plac[ing] in the hands of the unauthorized surrogate powerful presumptions [related to the conflict rules] which are inappropriate in his hands").

*Second*, the Court should dismiss Tubi's remaining tag-along claims for declaratory relief. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (a court may "in the sound exercise of its discretion, . . . stay or . . . dismiss an action seeking a declaratory judgment"). "[B]ringing a claim via a declaratory judgment action does not allow a litigant to evade the FAA if the underlying dispute falls within the reach of the arbitration provision." *Tannatt v. Varonis Sys., Inc.*, No. CV 18-12589-JGD, 2019 WL 830482, at *2 (D. Mass. Feb. 21, 2019). Tubi also lacks standing to seek a declaration regarding Keller Postman's obligations to clients. *See In re Centurylink Sales Pracs. & Secs. Litig.*, MDL No. 17-2795 (MJF/KMM), 2020 WL 3513547, at *6 (D. Minn. June 29, 2020) (denying motion to disqualify Keller Postman on standing grounds); *Colyer v. Smith*, 50 F. Supp. 2d 966, 973 (C.D. Cal. 1999) ("The standing requirement protects against the strategic exploitation of the rules of ethics long disfavored by the Courts."). Any injury to Tubi is speculative because arbitrations are pending in JAMS (Dkt. 1 ¶ 5), where Tubi could seek "potential sanctions" if its untested assessment of Keller Postman's clients' claims proves correct (Dkt. 1 ¶ 67). There is no "actual and substantial controversy . . . between Tubi and Keller Postman" (Dkt. 1 ¶ 80) redressable by a declaration because the firm's clients hold the claims,

3

which a declaration would not extinguish—the true relief that Tubi seeks. (Dkt. 1 ¶ 85).

*Third*, dismissal with prejudice is warranted where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1340 (D.C. Cir. 2015) (citation omitted). Tubi cannot show that Keller Postman was motivated by its own independent interests consistent with the allegations about contingency fee arrangements and Keller Postman's efforts to advance its clients' positions at Tubi's expense. Tubi cannot obtain a declaration on the sufficiency of Keller Postman's clients' arbitration demands consistent with the allegations that those demands are before JAMS. And lacking standing, Tubi cannot seek a declaration confirming its baseless ethical accusations against Keller Postman. At heart, this tactical lawsuit is Tubi's attempt to evade the consequences of Terms that it drafted and imposed. *See, e.g.*, *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1067–68 (N.D. Cal. 2020) (blasting the "irony" and "hypocrisy" of an argument that individuals' effort to enforce corporate contract of adhesion was extortive). The Court should not entertain it.

Dated: July 31, 2024                              Respectfully submitted,

KELLER POSTMAN LLC

By: /s/ Warren D. Postman
Warren D. Postman (Bar No. 995083)
Albert Y. Pak (Bar No. 888314242) (admission pending)
1101 Connecticut Avenue N.W., Ste. 1100
Washington, DC 20036
(202) 918-1123
wdp@kellerpostman.com
albert.pak@kellerpostman.com

Kiran N. Bhat (Bar No. 1021898) (admission pending)
2333 Ponce De Leon Boulevard, Ste. 100
Coral Gables, FL 33134
(305) 845-4684
kiran.bhat@kellerpostman.com

*Attorneys for Defendant*