# EXHIBIT 4

515 SOUTH FLOWER STREET, SUITE 3300 LOS ANGELES, CA 90071-2246

JENNER&BLOCK LLP

August 14, 2024

Brandon Fox
Tel +1 213 239 5101
Fax +1 213 239 2295
BFox@jenner.com

Laura C. Abrahamson, Esq., FCIArb
JAMS, Inc.
555 West 5th Street, 32nd Floor
Los Angeles, CA 90013

Matthew Levington
Arbitration Practice Manager – West
JAMS, Inc.
MLevington@jams.adr

Re:   ***Lyons, Robin, et al. vs. Tubi, Inc.***
       JAMS Ref. No.: 1601003760

Dear Ms. Abrahamson and Mr. Levington:

Thank you for the opportunity to respond to Keller Postman's August 9, 2024 submission asking for the withdrawal of the demands for arbitration for four Claimants: Steve Coates, Jose Bravo, Jacqueline Montoya, and Lisa Whiting. Keller Postman provides no reason for the withdrawal and no indication that the Claimants have agreed not to refile.

As JAMS recognized, Streamlined Rule 10 governs because this is an attempt at a withdrawal after commencement. Rule 10(b) states that, although a party may withdraw a claim by serving written notice, the opposing party may "request that the Arbitrator condition the withdrawal upon such terms as he or she may direct." JAMS Streamlined R. 10(b). Given the circumstances of the filings and timing of the withdrawals, Tubi has a few simple requests, which are issues for the Arbitrator under the same Rule. Accordingly, although Claimants' counsel transmitted the withdrawal notices solely to Mr. Levington, we are filing this letter with Ms. Abrahamson, along with transmitting it to JAMS.

The withdrawal notices come after: (1) Keller Postman filed nearly 24,000 demands for arbitration, which allege that each of the Claimants was a Tubi registered user who purportedly saw unlawful and discriminatory targeted advertising using those accounts, but otherwise provide no factual detail; (2) Tubi raised with Keller Postman and JAMS the Claimants' failure to go through the informal dispute resolution process in the Terms of Use, which requires notice of the specific facts giving rise to the dispute; (3) Tubi further raised with Keller Postman and JAMS that approximately 30% of the Claimants were not registered users and another 10% had either never watched Tubi content or had not done so within the statute of limitations; (4) JAMS

August 14, 2024
Page 2

agreed to consolidate the 23,736 demands for arbitration and decided the issues related to the informal dispute resolution process and the fraudulent claimants would be decided by the Arbitrator; (5) Tubi filed responses to the claims, raising among other things the frivolous nature of the claims and asking for fees and costs as part of its counterclaims and affirmative defenses; and (6) JAMS appointed Ms. Abrahamson as the Arbitrator after the parties went through the rank and strike process.

Tubi respectfully requests that Ms. Abrahamson direct Claimants Coates, Bravo, Montoya, and Whiting to do the following as a condition to their withdrawal:

First, they should withdraw the claims with prejudice given that the withdrawals occurred after the case was consolidated and after the rank and strike process.

Second, Tubi is willing to give up the relief it seeks in its response and allow the withdrawals, but only if the Claimants can establish that their demands for arbitration were filed in good faith and were not frivolous. Importantly, counsel for Claimants steadfastly has refused Tubi's multiple requests over the past several months to disclose any factual details allegedly supporting the claims. To that end, the Arbitrator should condition the withdrawal of the arbitration demands cited in Mr. Ames's email on each Claimant first disclosing in writing the following specific facts, which would have been the bare minimum needed to support his or her claim, as was required by the Terms of Use:

- (a) To the extent that the claim was based on the Claimant allegedly not receiving certain targeted advertisements:

  - (1) The advertisement(s) that Claimant wanted to receive but allegedly did not receive while using Tubi's service because of alleged targeted advertising.

  - (2) The business opportunity or opportunities that Claimant did not obtain because he or she allegedly failed to receive certain advertisements through Tubi's service.

- (b) To the extent that the claim was based on the Claimant allegedly receiving certain targeted advertisements:

  - (1) The advertisement(s) that Claimant did not want to receive but allegedly received anyway while using Tubi's service because of alleged targeted advertising.

  - (2) The transactions that Claimant engaged in because he or she allegedly received these advertisements through Tubi's service.

By conditioning withdrawal on the requirement that each Claimant first provide the information noted above, JAMS and Tubi will be able to understand whether Claimants' arbitration demands

August 14, 2024
Page 3

were filed in good faith and were not frivolous. This of course is relevant to Tubi's response, its rights, and the relief it seeks in this arbitration based on its response and is permitted to receive under the Terms of Use. Under § 10(12) of the Terms of Use, Tubi is entitled to its costs and reasonable attorneys' fees if the Arbitrator finds "that the losing party brought a claim or asserted a defense frivolously or for an improper purpose…." Terms § 10(12). Whether the claims were frivolous or otherwise brought in bad faith is also important to the Arbitrator's authority with respect to the filing of fraudulent claims.

To the extent that counsel is no longer in contact with or no longer representing these individuals, Tubi requests that Keller Postman be directed to provide the information Tubi requests. Before filing these demands for arbitration, counsel surely would have needed this information to vet their clients' claims and satisfy its own ethical requirements.

Tubi further asks that such a disclosure by claimants or Keller Postman occur by August 23, 2024 (within 14 days of the request to withdraw claims).

Sincerely,

*Brandon Fox*
Brandon Fox


cc:   see email distribution