# EXHIBIT 5

# Keller | Postman

August 23, 2024

<u>VIA EMAIL</u>

Matthew Levington
JAMS, Inc.
18881 Von Karman Avenue, Suite 350
Irvine, CA 92612
Email:  MLevington@jamsadr.com

      **Re:**    *Lyons, Robin, et al. vs. Tubi, Inc.*, JAMS Ref. No. 1601003760

Mr. Levington,

      This letter responds to Tubi's letter dated August 14, 2024, regarding notices by Claimants Steve Coates, Jose Bravo, Jacqueline Montoya, and Lisa Whiting (the "Withdrawing Claimants") that they are withdrawing their claims against Tubi.  Tubi is seeking to impose conditions on the withdrawals purely to harass the Withdrawing Claimants and to pointlessly prolong the parties' disputes.  If Tubi does not promptly agree to the unconditional and mutual withdrawal of all claims before JAMS, the Withdrawing Claimants will seek the attorney fees and costs incurred to defend themselves against Tubi's bad-faith attempt to impose conditions on their withdrawals.

      The Withdrawing Claimants filed their arbitration demands in April 2024.  Tubi argued in response that the Withdrawing Claimants had failed to satisfy certain preconditions to their arbitrations.  JAMS determined that that issue is for an arbitrator to resolve.  Thus, on July 26, 2024, JAMS made an initial appointment of an arbitrator to serve in the Withdrawing Claimants' arbitrations against Tubi.  Then, on August 9, 2024, the Withdrawing Claimants provided notice to JAMS and to Tubi that they are withdrawing their claims against Tubi.

      Tubi now seeks to impose conditions on the withdrawals, purportedly to inquire "whether [Withdrawing] Claimants' arbitration demands were filed in good faith and were not frivolous" and to then decide whether Tubi will pursue "costs and reasonable attorneys' fees" from the Withdrawing Claimants.

      Setting aside whether, under different circumstances, that inquiry could justify the imposition of conditions on the withdrawals of consumer arbitration demands, it is no justification here, where California law prohibits all fee-shifting and cost-shifting against consumers in arbitration.  California law is clear on this:  "No neutral arbitrator or private arbitration company shall administer a consumer arbitration under any agreement or rule requiring that a consumer who is a party to the arbitration pay the fees and costs incurred by an opposing party if the consumer does not prevail in the arbitration, including, but not limited to, the fees and costs of the arbitrator, provider organization, attorney, or witnesses."  *See* Cal. Civ. Proc. Code § 1284.3(a).

Keller | Postman

Furthermore, the mere fact of a withdrawal is no legitimate basis for an inquiry into the good-faith filing of the arbitration demands. As JAMS's published Consumer Case Information demonstrates, fewer than 10% of consumer arbitrations result in final awards. Put differently, more than 90% of consumer arbitrations are withdrawn or otherwise disposed of without an award. Thus, there is nothing surprising about the Withdrawing Claimants' withdrawals. On the contrary, past statistics demonstrate that disposal without an award is the overwhelmingly likely scenario in any consumer arbitration. That unremarkable result is no legitimate basis for the inquiry Tubi seeks to conduct.

Nor is the information Tubi seeks relevant to the good-faith filing of Withdrawing Claimants' withdrawn claims against Tubi. Tubi asks what discriminatory advertisements the Withdrawing Claimants saw but did not want to see, or did not see but wanted to see. But consumer preference is not an element of the previously asserted Unruh Act claims. Tubi violates the Unruh Act by "engag[ing] in intentional discrimination by designing and employing ad tools that expressly make distinctions based on gender and age" and other protected demographic information. *Liapes v. Facebook, Inc.*, 95 Cal. App. 5th 910, 923 (2023) (rejecting Facebook's argument that it is not liable for advertisers' discrimination and reasoning that Facebook is liable because "Facebook provides advertisers with the option of easily including or excluding entire groups from the target audience"). Like Facebook, Tubi publicly touts its ability to target advertisements to specific groups of users, using both information provided by those users about themselves, as well as information mined about those users from third-party data aggregators. Tubi violated the Unruh Act by serving discriminatory advertisements on Withdrawing Claimants, regardless of whether the individuals liked or disliked the advertisements they saw or were excluded from seeing.

And, in all events, the specific advertisements Withdrawing Claimants saw or did not see—as well as the discriminatory mechanism by which Tubi determined the placement of those advertisements—are information that Tubi would have needed to produce in discovery in the arbitrations in the first place before the arbitrator could determine which ones violated the Unruh Act. The identity of those specific advertisements is not something Withdrawing Claimants could have had or needed to have had when they filed their claims against Tubi.

Because Tubi cannot recover its costs and attorney fees from the Withdrawing Claimants, any inquiry it seeks to conduct purportedly to recover those fees and costs is in bad-faith and for purposes of harassment. The procedural posture confirms this. Tubi has incurred a total of $2,000 in arbitration costs for the above-referenced matter. There are over 20,000 Claimants other than the Withdrawing Claimants who are continuing to proceed in that matter, and so the $2,000 cost would have been incurred by Tubi regardless of the presence of the Withdrawing Claimants. Tubi has failed to state that it spent any time or effort specifically on the claims brought by the Withdrawing Claimants that it would not have spent if they had not and only the other 20,000+ Claimants had brought claims against it. Indeed, Tubi has repeatedly rejected each Withdrawing Claimant's invitations to engage in a discussion of issues Tubi believes exists with respect to that particular Withdrawing Claimant's claims. *See* Exs. A–D. Now, Tubi is wasting the parties' time and effort—and is seeking to waste the arbitrator's time and effort—to litigate its futile and illegal attempt to impose conditions on these early-stage withdrawals. Tubi's bad-faith attempt has already caused the parties to spend far more in fees and costs since the Withdrawing Claimants' withdrawals on August 9, 2024, than they had spent on the Withdrawing Claimants' claims before August 9, 2024.

Keller | Postman

Therefore, if Tubi continues to insist on pointlessly prolonging litigation with the Withdrawing Claimants, the Withdrawing Claimants will seek fees and costs incurred after August 9, 2024, when they gave notice of their withdrawals of their claims.

Sincerely,

Warren D. Postman

# EXHIBIT A

# Keller | Postman

May 7, 2024

Brandon Fox
Jenner & Block LLP
515 South Flower Street
Los Angeles, CA 90071-2246
BFox@jenner.com

      Re:    Claimant Jacqueline Montoya ("Claimant") v. Tubi, Inc. ("Tubi") – a0LNw000003LTzlMAG

Mr. Fox,

      I write to you on behalf of Claimant Jacqueline Montoya. As you know, Claimant filed an arbitration demand against Tubi on April 5, 2024. That demand provides a detailed description of Claimant's claim against Tubi. In addition, it explains how the Notice of Dispute provision in Claimant's arbitration agreement with Tubi is illusory, unconscionable, and therefore unenforceable. Nevertheless, we emphasized that, if Tubi is willing to commit to explore a settlement in good faith and to pay for a mediation session, Claimant is willing to participate in such a discussion with good faith.

      Through this letter, I am offering yet again to engage in the opportunity for pre-arbitration settlement that you claim Tubi wants. Claimant demanded at least $16,000, as well as injunctive relief, in the arbitration demand. To expedite the settlement discussions, I am willing to recommend to Claimant a settlement of $3,000 to fully resolve all stated claims, including all claims for fees, costs, and injunctive relief. If Tubi believes Claimant's claim is weak for any reason—whether because Tubi is unable to locate Claimant's account with Tubi or because Tubi otherwise takes issue with the factual basis on which Claimant's arbitration demand stands—we invite you to provide an individualized showing regarding Claimant specifically.

      Claimant remains willing to engage in a good-faith discussion regarding how to resolve Claimant's claims. However, if Tubi is unwilling to respond on an individualized basis to Claimant's demand, it appears that Tubi was not interested in a good-faith settlement discussion all along. In that case, the most efficient way to resolve the parties' disputes appears to be to proceed promptly to arbitrating them.

                                                           Sincerely,

                                                          Warren D. Postman

# EXHIBIT B

# Keller | Postman

May 7, 2024

Brandon Fox
Jenner & Block LLP
515 South Flower Street
Los Angeles, CA 90071-2246
BFox@jenner.com

      Re:    Claimant Jose Bravo ("Claimant") v. Tubi, Inc. ("Tubi") – a0LNw000003MyOnMAK

Mr. Fox,

      I write to you on behalf of Claimant Jose Bravo. As you know, Claimant filed an arbitration demand against Tubi on April 5, 2024. That demand provides a detailed description of Claimant's claim against Tubi. In addition, it explains how the Notice of Dispute provision in Claimant's arbitration agreement with Tubi is illusory, unconscionable, and therefore unenforceable. Nevertheless, we emphasized that, if Tubi is willing to commit to explore a settlement in good faith and to pay for a mediation session, Claimant is willing to participate in such a discussion with good faith.

      Through this letter, I am offering yet again to engage in the opportunity for pre-arbitration settlement that you claim Tubi wants. Claimant demanded at least $16,000, as well as injunctive relief, in the arbitration demand. To expedite the settlement discussions, I am willing to recommend to Claimant a settlement of $3,000 to fully resolve all stated claims, including all claims for fees, costs, and injunctive relief. If Tubi believes Claimant's claim is weak for any reason—whether because Tubi is unable to locate Claimant's account with Tubi or because Tubi otherwise takes issue with the factual basis on which Claimant's arbitration demand stands—we invite you to provide an individualized showing regarding Claimant specifically.

      Claimant remains willing to engage in a good-faith discussion regarding how to resolve Claimant's claims. However, if Tubi is unwilling to respond on an individualized basis to Claimant's demand, it appears that Tubi was not interested in a good-faith settlement discussion all along. In that case, the most efficient way to resolve the parties' disputes appears to be to proceed promptly to arbitrating them.

                                       Sincerely,

                                       Warren D. Postman

# EXHIBIT C

# Keller | Postman

May 7, 2024

Brandon Fox
Jenner & Block LLP
515 South Flower Street
Los Angeles, CA 90071-2246
BFox@jenner.com

   Re: Claimant Steve Coates ("Claimant") v. Tubi, Inc. ("Tubi") –
     a0LNw000003TTJTMA4

Mr. Fox,

  I write to you on behalf of Claimant Steve Coates. As you know, Claimant filed an arbitration demand against Tubi on April 5, 2024. That demand provides a detailed description of Claimant's claim against Tubi. In addition, it explains how the Notice of Dispute provision in Claimant's arbitration agreement with Tubi is illusory, unconscionable, and therefore unenforceable. Nevertheless, we emphasized that, if Tubi is willing to commit to explore a settlement in good faith and to pay for a mediation session, Claimant is willing to participate in such a discussion with good faith.

  Through this letter, I am offering yet again to engage in the opportunity for pre-arbitration settlement that you claim Tubi wants. Claimant demanded at least $16,000, as well as injunctive relief, in the arbitration demand. To expedite the settlement discussions, I am willing to recommend to Claimant a settlement of $3,000 to fully resolve all stated claims, including all claims for fees, costs, and injunctive relief. If Tubi believes Claimant's claim is weak for any reason—whether because Tubi is unable to locate Claimant's account with Tubi or because Tubi otherwise takes issue with the factual basis on which Claimant's arbitration demand stands—we invite you to provide an individualized showing regarding Claimant specifically.

  Claimant remains willing to engage in a good-faith discussion regarding how to resolve Claimant's claims. However, if Tubi is unwilling to respond on an individualized basis to Claimant's demand, it appears that Tubi was not interested in a good-faith settlement discussion all along. In that case, the most efficient way to resolve the parties' disputes appears to be to proceed promptly to arbitrating them.

              Sincerely,

              Warren D. Postman

# EXHIBIT D

# Keller | Postman

May 7, 2024

Brandon Fox
Jenner & Block LLP
515 South Flower Street
Los Angeles, CA 90071-2246
BFox@jenner.com

   Re: Claimant Lisa Whiting ("Claimant") v. Tubi, Inc. ("Tubi") –
     a0LNw000003ZPczMAG

Mr. Fox,

  I write to you on behalf of Claimant Lisa Whiting.  As you know, Claimant filed an arbitration demand against Tubi on April 5, 2024.  That demand provides a detailed description of Claimant's claim against Tubi.  In addition, it explains how the Notice of Dispute provision in Claimant's arbitration agreement with Tubi is illusory, unconscionable, and therefore unenforceable.  Nevertheless, we emphasized that, if Tubi is willing to commit to explore a settlement in good faith and to pay for a mediation session, Claimant is willing to participate in such a discussion with good faith.

  Through this letter, I am offering yet again to engage in the opportunity for pre-arbitration settlement that you claim Tubi wants.  Claimant demanded at least $16,000, as well as injunctive relief, in the arbitration demand.  To expedite the settlement discussions, I am willing to recommend to Claimant a settlement of $3,000 to fully resolve all stated claims, including all claims for fees, costs, and injunctive relief.  If Tubi believes Claimant's claim is weak for any reason—whether because Tubi is unable to locate Claimant's account with Tubi or because Tubi otherwise takes issue with the factual basis on which Claimant's arbitration demand stands—we invite you to provide an individualized showing regarding Claimant specifically.

  Claimant remains willing to engage in a good-faith discussion regarding how to resolve Claimant's claims.  However, if Tubi is unwilling to respond on an individualized basis to Claimant's demand, it appears that Tubi was not interested in a good-faith settlement discussion all along.  In that case, the most efficient way to resolve the parties' disputes appears to be to proceed promptly to arbitrating them.

            Sincerely,

            Warren D. Postman