# EXHIBIT 8



NOTICE TO ALL PARTIES                                                                                    September 23, 2024

      RE:    Lyons, Robin, et al. vs Tubi, Inc. – 1601003760

Dear Counsel:

The JAMS National Arbitration Committee has received and reviewed counsel for Respondent's letters of September 9, 12, and 17; counsel for Claimants' letter of September 11; and notices of disqualification of Hon. Patricia M. Lucas (Ret.).

Respondent asks JAMS to "direct [counsel for Claimants] Keller Postman to abide by JAMS Streamlined Rule 12(g)."  B. Fox, Letter, Sep. 9, 2024.

JAMS Streamlined Rule 12(g) states:

> *Entities or individuals whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of the Arbitrator selection process. JAMS shall determine whether the interests between entities or individuals are adverse for purposes of Arbitrator selection, considering such factors as whether they are represented by the same attorney and whether they are presenting joint or separate positions at the Arbitration.*

As you know, this is a consolidated arbitration involving over 23,000 identical Demands for Arbitration filed by the firm of Keller Postman on behalf of individual Claimants against Respondent.  On July 26, 2024, and pursuant to the arbitrator selection process prescribed in JAMS Streamlined Arbitration Rule 12, JAMS confirmed the appointment of Laura C. Abrahamson, Esq., as arbitrator.  Ms. Abrahamson's disclosure statement to the parties was served the same day.  Fourteen days later, counsel for Claimants served notices of disqualification of Ms. Abrahamson on behalf of most—but not all—Claimants pursuant to Cal. Code of Civ. Proc. (CCP) section 1281.91, subsection(b)(1).  On August 29, pursuant to JAMS Streamlined Rule 12(d), JAMS confirmed the appointment of the remaining arbitrator with the highest composite ranking, namely, Hon. Patricia M. Lucas (Ret.).  Fifteen days later, counsel for Claimants served notices of disqualification of Hon. Patrcia M. Lucas (Ret.) on behalf of most—but not all—Claimants pursuant to CCP section 1281.91, subsection(b)(1).

Subsection(b)(1) of CCP section 1281.91 states in relevant part, ". . . the proposed neutral arbitrator shall be disqualified on the basis of the disclosure statement after any party entitled

Lyons, Robin, et al. vs Tubi, Inc. – 1601003760
September 23, 2024
P a g e | 2

to receive the disclosure serves a notice of disqualification within 15 calendar days after service of the disclosure statement."

Respondent requests "that JAMS order [counsel for Claimants] to abide by [JAMS] Streamlined Rule 12(g) and for its clients to serve any future notice of disqualification jointly, as a single Party." B. Fox, Letter, Sep. 12, 2024. Respondent's request appears to stem from concerns over serial disqualifications of appointees and the resulting delay in these proceedings. Respondent argues that CCP section 1281.91(b)(1) "does not confer a right to an individual claimant," but rather affords the right to disqualify an appointed arbitrator to a "party"—meaning (in this proceeding) all Claimants jointly and Claimants' counsel. *Id.*

To date JAMS has administered the strike and rank process consistent with JAMS Streamlined Rule 12, including 12(g). All Claimants received a single list of candidates, were afforded a single strike, and were instructed to rank the remaining names in order of preference. Likewise Respondent. Claimants' notices of disqualification of the first two appointees were neither "strikes" under JAMS Streamlined Rule 12(d) nor "challenge(s)" to the continued service of the arbitrator under JAMS Streamlined Rule 12(j).

JAMS understands that Respondent believes CCP section 1281.91 requires counsel for Claimants to serve one notice of disqualification on behalf of all Claimants or, alternatively, no notice of disqualification. However, even if counsel for Claimants served one notice of disqualification on behalf of all Claimants, Claimants (jointly) would retain the right to serially disqualify arbitrators under CCP section 1281.91(b)(1): "There is no good faith or good cause requirement for the exercise of this right, *nor is there a limit on the number of proposed neutrals who may be disqualified in this manner . . . .*" *Azteca Construction, Inc. v. ADR Consulting, Inc. (2004) 121 Cal.App.4th 1156.* (Emphasis added.) On the other hand, where a court appoints an arbitrator, "[a] party shall have the right to disqualify one court-appointed arbitrator without cause in any single arbitration, and may petition the court to disqualify a subsequent appointee only upon a showing of cause." CCP § 1281.91(c).

JAMS accepts notice of disqualification of Judge Lucas. Under separate cover, JAMS will confirm the appointment of the remaining candidate with the highest composite ranking.

JAMS will continue to accept timely notices of disqualification of appointees under CCP section 1281.91(b)(1) until no candidates remain from the list of candidates included with the commencement letter.

Section 1281.6 of CCP provides in relevant part:

> *If the arbitration agreement provides a method of appointing an arbitrator, that method shall be followed. If the arbitration agreement does not provide a method for appointing an arbitrator, the parties to the agreement who seek arbitration and against whom*

Lyons, Robin, et al. vs Tubi, Inc. – 1601003760
September 23, 2024
P a g e | **3**

> *arbitration is sought may agree on a method of appointing an arbitrator and that method shall be followed. In the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails to act and his or her successor has not been appointed, the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator.*

If the parties exhaust the list of candidates included with the commencement letter, JAMS will advise the parties accordingly and, absent party agreement otherwise, will await the appointment of the arbitrator by a court.

Sincerely,

/s/ Sheri Eisner

Sheri Eisner
Senior Vice President, General Counsel
Co-Chair, JAMS National Arbitration Committee