# EXHIBIT 2

*Tubi, Inc. v. Keller Postman LLC*
No. 1:24-cv-01616-ACR

# Keller | Postman

May 28, 2024

Brandon Fox
Jenner & Block LLP
515 South Flower Street
Los Angeles, CA 90071-2246
BFox@jenner.com

      **Re:    Claimants v. Tubi, Inc. - JAMS Ref. 1601003760**

Mr. Fox,

      I have reviewed your letter of May 22, 2024, and write to provide the following responses.

      First, Tubi is breaching its arbitration agreements with Claimants by refusing to participate in individual arbitrations, including of threshold disputes.  Please remedy that breach immediately by informing JAMS by May 31, 2024, that Tubi agrees to proceed to individual arbitration with each Claimant.  Claimants reserve all rights with respect to Tubi's refusal to participate in individual arbitrations as required by the parties' arbitration agreements.

      Second, Tubi is also refusing to engage in good faith in the Notice of Dispute process it says it wishes to undertake.  Tubi's Notice of Dispute provision states that Claimants should provide: (1) their "name, address, and contact information"; (2) "the specific facts giving rise to the Dispute"; (3) "the Tubi Service to which the Notice relates"; and (4) "the relief requested."  To reiterate, while Claimants have explained in detail why they believe this provision is unenforceable as a matter of law, Claimants have also nevertheless stated:  (1) their "name, address, and contact information"; (2) the factual allegations giving rise to their claims; (3) the Tubi website and mobile applications as the Tubi services at issue; and (4) their estimate of the amount in controversy.  Furthermore, I have conveyed to you a settlement amount that I would recommend to each Claimant.  This information is more than detailed enough to satisfy the initial notice requirement.  Nevertheless, despite Claimants' repeated requests, Tubi has not responded individually to any Claimant, and has chosen instead to insist on information beyond what the Notice of Dispute process requires.  In our phone discussion, I explained that we would participate in a further information exchange with Tubi, provided that the exchange is bilateral.  But your letter ignores that offer.  Based on your response, I can only infer that Tubi is not interested in a bilateral exchange of information in order to resolve these claims and is instead seeking to impose unilateral requirements beyond those required by the parties' agreement.

      Third, each Claimant has invoked the arbitration agreement attached to the arbitration demand against Tubi, and JAMS noted that "the parties disagree over whether an arbitration agreement exists as to at least 30 percent of Claimants."  Please inform JAMS of the identities of the 30 to 40 percent of Claimants who Tubi believes does not have an arbitration agreement with Tubi.  Those Claimants will then respond to JAMS as appropriate.  As for the remaining Claimants, the parties agree that they are parties to the arbitration agreement.

# Keller | Postman

     Fourth, your letter appears to take the position that Tubi will not agree to the JAMS mass arbitration rules unless all Claimants unanimously agree to them. That is Tubi's choice to make, and in that case, I agree that not all of our clients will unanimously agree to application of the mass arbitration rules. However, if Tubi would agree to application of the mass arbitration rules on a Claimant-by-Claimant basis, please let us know and we can provide a list of the clients who would agree to those rules.

     Fifth, given Tubi's refusal to participate in individual arbitration, its refusal to participate in a bilateral information exchange on an individualized basis, and its attempts to impose unilateral disclosure burdens on claimants beyond those required by the Terms, we do not think further delay of the JAMS process is warranted. We therefore do not agree to asking JAMS to await an interim status report on May 31, 2024.

Sincerely,

*Warren Postman*

Warren D. Postman