# **EXHIBIT G**

**ELECTRONICALLY FILED**
DOC ID: 30784273
CASE NO: 2024-LA-0000209
DATE: 12/31/2024 2:13 PM
BY: A H, DEPUTY

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY

| | |
|---|---|
| JACQUELINE GREGORY, Individually and on behalf of a class of similarly situated individuals, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 2024 LA 209 |
| TUBI, INC., ) ) | |
| Defendant. ) | |

## **DECISION AND ORDER**

The court, having taken Plaintiff's request for final approval of class action settlement under advisement, along with the objections to the settlement filed by Marvin Cheng, Taneshia Grant, Priscilla Banhand Aaron Hill, and a request for ruling on the validity of various demands for exclusion, finds as follows:

1. The case and settlement agreement meet all the applicable requirements of section 2-801 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-801 (West 2024). The class is so numerous that the joinder of all members is impracticable. There are questions of fact and law common to the class, which common questions of fact and law predominate over any questions affecting only individual members. The representative fairly and adequately protects (protected) the interest of the class. And, class action is an appropriate method for the fair and efficient adjudication of the controversy.

2. The notice requirements delineated in the court's order (8/26/24) granting preliminary approval of the class action settlement satisfy the requirements of section 2-803 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-803 (West 2024).

3. The provisions governing claims, objections and exclusion set forth in the court's order granting preliminary approval of the class action settlement were (are) fair and reasonable.

4. The objections to the class action settlement filed by Marvin Cheng, Taneshia Grant, Priscilla Banh and Aaron Hill were withdrawn by stipulation and have been addressed by separate order (Order Granting Stipulation Withdrawing Objections to Settlement; Filed: 12/26/24).

5. The terms and conditions of settlement agreement struck between the Plaintiff and the Defendant, including the amount of the settlement, as well as the scope and terms of the release, are fair, reasonable, adequate and made in good faith.

6. Requests for exclusion submitted after October 31, 2024 (postmarked or electronically dated after 10/31/24), do not satisfy ¶ 12 of the court's Preliminary Approval Order.

7. Requests for exclusion not personally signed by the person seeking exclusion, specifically requests for exclusion signed by an attorney, do not satisfy ¶ 12 of the court's Preliminary Approval Order.

8. Requests for exclusion facilitated by bulk mail arranged by the Keller Postman law firm satisfy ¶¶ 11 and 12 of the Preliminary Approval Order.

9. Requests for exclusion submitted electronically and signed electronically (digital signatures) by the person seeking exclusion satisfy ¶¶ 11 and 12 of the Preliminary Approval Order.

IT IS THEREFORE ORDERED:

A. Plaintiff's request for final approval of class action settlement is heard and granted. Plaintiff's counsel shall work with defense counsel to e-file a formal order granting final approval of the class action settlement.

B. Defendant's request for a court ruling concerning the validity of various requests for exclusion is granted in part and denied in part. Plaintiff's counsel shall work with defense counsel to e-file a formal order addressing valid versus invalid requests for exclusion.

C. The case remains set for status on January 8, 2025, at 9:00 a.m.

Dated:  12/31/2024

_____
Judge Ronald A. Barch

2