# EXHIBIT 2

E-FILED
Transaction ID: 4-25-0181
File Date: 4/9/2025 4:46 PM
Carla Bender, Clerk of the Court
APPELLATE COURT 4TH DISTRICT

No. 4-25-0181

---

## IN THE APPELLATE COURT OF ILLINOIS
## FOURTH DISTRICT

---

| | |
|---|---|
| SAMANTHA DELLIA, JAYSHA HARRIS, CLINTON JAMES, CHARLES MORRIS, JOHN NICHOLSON, DUSTIN OCHS, MICHAEL PATTERSON, CARLOS RAGSDALE, ROBERT RICHARDS, and MONICA SANTOS, | Appeal from the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois, |
| *Appellants*, | No. 24–LA–0000209 |
| v. | Hon. Ronald A. Barch, Judge Presiding |
| JACQUELINE GREGORY, individually and on behalf of a class of similarly situated individuals, | |
| *Plaintiff–Appellee*, | |
| TUBI, INC., | |
| *Defendant–Appellee*. | |

---

### APPELLANTS' OBJECTION TO DEFENDANT–APPELLEE
### TUBI, INC.'S MOTION TO DISMISS APPEAL AS MOOT

---

Warren D. Postman (ARDC # 6348556)
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
202.918.1870
wdp@kellerpostman.com

Ethan H. Ames (ARDC # 6344179)
KELLER POSTMAN LLC
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
312.741.5220
ethan.ames@kellerpostman.com

*Counsel for Appellants Samantha Dellia, Jaysha Harris, Clinton James, Charles Morris, John Nicholson, Dustin Ochs, Michael Patterson, Carlos Ragsdale, Robert Richards, and Monica Santos*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

FACTS .............................................................................................................. 3

    A.   Tubi and Gregory Enter the Settlement ................................................ 3

    B.   Four Non-Appellants Try to Intervene, Are Rebuffed, and Object to the Settlement's Fairness .......................................................................... 4

    C.   Appellants Seek to Exclude Themselves from the Settlement and Preserve Objections to the Circuit Court's Personal Jurisdiction........................... 5

    D.   Tubi Agrees to Arbitrate with Keller Postman Clients Who Opt Out Successfully 7

    E.   The Circuit Court Binds Appellants to the Judgment, Which They Appeal........... 8

    F.   Tubi Makes a Post-Appeal Offer to Try to Moot the Appeal ................................. 9

STANDARD ..................................................................................................... 10

ARGUMENT ....................................................................................................11

    I.   Appellants Preserved Challenges to the Circuit Court's Personal Jurisdiction Over Them .......................................................................................................11

        A.   Whether Appellants Waived Their Jurisdiction Argument Is a Merits Question, Not a Mootness Issue .................................................................11

        B.   Appellants' Forced "Consent" Is Not a Valid Basis for Personal Jurisdiction....................................................................................... 12

        C.   That Others Raised and Withdrew Fairness Objections Is Irrelevant .......... 14

    II.   Tubi's Post-Appeal Offer Not to Enforce the Judgment Against Appellants Does Not Moot This Appeal ......................................................................... 15

        A.   Tubi's Statement Does Not Afford Appellants Complete Relief ................. 16

        B.   A Decision in Appellants' Favor Would Impact Other Parties to the Appeal ....................................................................................... 19

CONCLUSION................................................................................................ 20

## INTRODUCTION

Appellants Samantha Dellia, Jaysha Harris, Clinton James, Charles Morris, John Nicholson, Dustin Ochs, Michael Patterson, Carlos Ragsdale, Robert Richards, and Monica Santos ("Appellants") object to the Motion to Dismiss Appeal As Moot ("Motion") filed by Defendant–Appellee Tubi, Inc. ("Tubi").  The Court should deny the Motion or, alternatively, take the Motion with the case, as the Motion and the merits are intertwined.

The Motion ignores the primary question on appeal, which Appellants properly preserved, and which is ripe for review:  Did the circuit court's assertion of personal jurisdiction over absent out-of-state class members like Appellants comport with due process? As Appellants will explain in full briefing on the merits, the answer is no.  Courts considering this issue must assess whether the named plaintiff "at all times adequately represent[ed] the interests of the absent class members"; whether the class notice was "fully descriptive"; and whether class members had sufficient means to exclude themselves from the class action settlement.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985); *see also Miner v. Gillette Co.*, 87 Ill. 2d 7, 12–15 (1981); *Lee v. Buth-Na-Bodhaige, Inc.*, 2019 IL App (5th) 180033, ¶¶ 78–79.  None of those features were present here.

Tubi argues that Appellants "waived" their objection to personal jurisdiction because the circuit court ordered that their requests to be excluded constituted consent to its personal jurisdiction.  Mot. at 15–18.  That situation is itself a violation of due process. A circuit court may not obtain personal jurisdiction over absent out-of-state class members by effectively instructing them to either (a) remain in the class and consent to the court's jurisdiction, or (b) seek exclusion from the class and consent to the court's jurisdiction. Tubi is free to disagree with this position, but that disagreement is a merits issue, not a basis for dismissal on mootness grounds.

1

Tubi's post-appeal offer not to enforce the judgment against Appellants does not moot this appeal either because it does not afford Appellants the relief—vacatur of judgment—which they seek.  In fact, Tubi's post-appeal statement does not even admit that the circuit court lacked personal jurisdiction.  Tubi's gratuitous "promise to provide relief" is not akin to a "sufficient tender [that] provides the plaintiff with the relief she seeks . . . as well as an admission of liability."  *See Joiner v. SVM Mgmt., LLC*, 2020 IL 124671, ¶ 45.  And an attempt at "tender" that does not provide complete relief has no power to moot a matter in Illinois, regardless of when it is made.  *See id.* ¶ 46.

Nor could a stipulated vacatur of judgment as to just Appellants moot this appeal.  In the analogous context of defendants hoping to moot putative class actions by tendering relief to named plaintiffs, even a mere "motion for class certification, while pending, sufficiently brings the interests of the other class members before the court 'so that the apparent conflict between their interests and those of the defendant will avoid a mootness artificially created by the defendant by making the named plaintiff whole.'"  *Barber v. Am. Airlines, Inc.*, 241 Ill. 2d 450, 457 (2011) (citation omitted).  Tubi's attempt to moot this appeal came not just while a class certification motion was pending, but *after judgment* certifying and binding a settlement class.  Final Approval Order & J. ¶¶ 2–3, SR108.  Given the judgment, this appeal implicates not just Appellants' rights, but also Tubi's rights, Plaintiff-Appellee Jacqueline Gregory's rights, and the rights of all absent out-of-state class members, including thousands who tried unsuccessfully to exclude themselves from the settlement.  And "an appeal is not moot when the rights and duties of the parties will be directly affected by the court's decision."  *People v. Kastman*, 2022 IL 127681, ¶ 25 n.1 (citing *Balmoral Racing Club, Inc. v. Illinois Racing Bd.*, 151 Ill. 2d 367, 387 (1992)).

2

For these reasons, the Court should deny Tubi's Motion and consider this appeal on the merits. At minimum, the Court should wait for a complete record and full briefing before deciding the Motion, which raises merits issues.

## FACTS

### A.    Tubi and Gregory Enter the Settlement

Appellants are among over 23,000 Californians represented by Keller Postman who were arbitrating claims against Tubi, a California company, under California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-52, when counsel for Gregory, an Illinoisian, initiated the putative class action lawsuit from which this appeal arises. Aff. of Warren Postman attached to Mem. in Supp. of Exclusion Reqs. ("Postman Aff.") ¶ 3, SR245. Gregory raised a lone claim under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, *et seq*. Class Action Compl., SR1–15. Gregory's counsel had previously filed another putative VPPA class action against Tubi for a different named plaintiff in federal court and had won a favorable decision from that court allowing the case to proceed. *Campos v. Tubi, Inc.*, 716 F. Supp. 3d 623 (N.D. Ill. 2024) (denying Tubi's motions to compel arbitration and dismiss). But apparently after realizing months into the litigation that "Ms. Campos did not have standing," Gregory's counsel initiated this matter in the circuit court on behalf of a new named plaintiff. Mot. at 2 n.2.

A week later, Tubi and Gregory signed the $19.99 million class action settlement. Settlement Agreement § 1.30, SR206; *id.*, SR227 (signatures). The settlement included Appellants in the class and released the separate discrimination claims they were arbitrating under California's Unruh Act, even though Gregory did not bring and had no ability to raise those claims as a non-Californian. *Id*. § 1.22, SR203; *id*. § 1.28, SR 205; *id*. § 3.1, SR210. The settlement also released other California and Pennsylvania claims Gregory did not hold

or assert. *Id*. § 1.22, SR203. And the settlement set forth exclusion procedures that raised barriers to opting out and that purported to require absent class members to submit to the circuit court's authority before "seeking any review" of the settlement. *Id*. §§ 4.3–4.4, SR 212–14. A month later, without any adversarial briefing or notice of the pending Unruh Act arbitrations, the circuit court preliminarily approved the settlement as proffered. Prelim. Approval Order, SR16–25.

It is blackletter law that a state court may exercise personal jurisdiction over absent out-of-state class members only if such class members are adequately represented by the named plaintiff and the court provides them with proper notice and a fair opportunity to be excluded. *Shutts*, 472 U.S. 797, 811–14. The circuit court's preliminary approval order, however, attempted to bootstrap itself into personal jurisdiction over the entire nationwide class. Specifically, it adopted the preliminary approval order Tubi and Gregory proposed, which effectively stated that class members would have the choice to either (a) remain in the class and consent to the court's jurisdiction, or (b) seek exclusion from the class and consent to the court's jurisdiction. Prelim. Approval Order ¶¶ 16–17, SR21–22.

## B.    Four Non-Appellants Try to Intervene, Are Rebuffed, and Object to the Settlement's Fairness

Upon first learning of the settlement, four non-Appellants who were California arbitration claimants represented by Keller Postman, Marvin Cheng, Taneshia Grant, Priscilla Banh, and Aaron Hill, petitioned to intervene. Pet. to Intervene, SR26–43.[1] In their petition, they disputed that the circuit court had "jurisdiction to effectively enjoin

---

[1] Tubi's motion argues that the named petitioners sought to intervene only for themselves, Mot. at 5-6, even though Tubi took the opposite position below. Def.'s Surreply Opposing Objs. & Reqs. for Exclusion ("Def.'s Surreply") at 6, SR262 (stating that the named petitioners sought "to intervene on a class basis").

predominantly California Arbitration Claimants from continuing to prosecute California claims against a California company in California arbitrations." *Id*., SR34. Illinois law provided a basis for both intervention of right and permissive intervention. *Id*., SR35–39, SR35 n.2. Not wanting to disturb the approval schedule, the circuit court denied intervention, refused to allow petitioners to become parties, and instructed all absent class members to comply with the exclusion procedures written into the settlement. Order Denying Pet. to Intervene, SR97–98. Cheng, Grant, Banh, and Hill, voluntarily included themselves in the settlement and raised objections to its fairness. Obj. to the Settlement Agreement, SR57–66 (Hill), SR67–76 (Cheng), SR77–86 (Banh), SR87–96 (Grant).

### C. Appellants Seek to Exclude Themselves from the Settlement and Preserve Objections to the Circuit Court's Personal Jurisdiction

Appellants were among 23,709 other California arbitration claimants represented by Keller Postman who then submitted individual requests to exclude themselves from the settlement. Mem. in Supp. of Exclusion Reqs. ("MER") at 1, SR229; Postman Aff. ¶¶ 8–10, 13, SR246–47. Before these submissions, Keller Postman communicated with each client individually to provide advice. MER at 3, SR231; Postman Aff. ¶ 7, SR246. Most then electronically signed and submitted an exclusion request to the court-appointed settlement administrator via email or mail. MER at 3, SR231; *id*. at 9–11, SR237–39; Postman Aff. ¶¶ 8–9, SR246. Appellants Samantha Dellia, Charles Morris, Carlos Ragsdale, Robert Richards, and Monica Santos signed exclusion requests, but relied on Keller Postman to submit them to the court-appointed settlement administrator via email to ensure that they met the exclusion deadline. MER at 3, SR231; Postman Aff. ¶ 10, SR246. Keller Postman signed and submitted exclusion requests for Appellants Dustin Ochs, Jaysha Harris, John Nicholson, Clinton James, and Michael Patterson because failure

to do so would have led to them receiving no compensation from either the arbitration claims they retained Keller Postman to pursue or from the class action settlement.  MER at 4, SR232; *id*. at 12–14, SR240–42; Postman Aff. ¶ 13, SR247.

Each Appellant's exclusion request stated that by "making this request for exclusion," Appellant did not "consent to the Court's personal jurisdiction" over Appellant, and that Appellant "expressly" reserved the right "to challenge such jurisdiction at an appropriate time."  Exclusion Reqs., SR653–54 (Appellant James), SR657–58 (Appellant Ochs), SR661 (Appellant Ragsdale), SR664 (Appellant Santos), SR667 (Appellant Dellia), SR670–71 (Appellant Nicholson), SR674–75 (Appellant Harris), SR678 (Appellant Richards), SR680–81 (Appellant Patterson), SR684 (Appellant Morris).

Tubi knew that Appellants and other Keller Postman clients had preserved these objections to the circuit court's personal jurisdiction by, at latest, November 25, 2024, when it filed a sample exclusion request containing a materially identical reservation as an attachment to its response to the exclusion requests, which sought to invalidate all of them. Def.'s Resp. to Reqs. For Exclusion, SR142–58; *id.* Ex. 7, SR159–61.

In a reply memorandum to Tubi's response to the exclusion requests, filed on December 2, 2024, Appellants and the 23,699 other exclusion requesters represented by Keller Postman elaborated on their objection to the circuit court's personal jurisdiction:

> This Court ordinarily would not have personal jurisdiction over Arbitration Claimants, as virtually all of them reside in California, and they are bringing claims under California law against a California company.  The Court may obtain personal jurisdiction over non-Illinois residents through proper class notice, but only if "the named plaintiff at all times adequately represent the interests of the absent class members" and if class members receive "a fully descriptive notice" and have the unimpeded right to opt out.  *Shutts*, 472 U.S. at 812.

6

> To the extent the Court accepts the exclusion requests of Keller Postman's clients, it need not analyze its personal jurisdiction over them.  However, to the extent the Court rejects any exclusion requests, each Arbitration Claimant objects to the Court exercising personal jurisdiction over them.  As explained further in the Objections of Marvin Cheng, Taneshia Grant, Priscilla Banh, and Aaron Hill, the named plaintiff has not adequately represented the interests of absent class members, and Tubi has attempted to improperly impede class members' rights to opt out.

MER at 14–15, SR242–43.

Tubi then filed a surreply asserting that the circuit court had personal jurisdiction over "[a]ll [a]rbitration [c]laimants."  Def.'s Surreply at 6, SR262.  Gregory, in moving for final approval of the settlement, advocated that putative class members seeking to exclude themselves from the settlement to pursue arbitrations be allowed to do so.  Pl.'s Mot. and Mem. in Supp. of Final Approval of Class Action Settlement at 17–21, SR183–87.  The circuit court held a final hearing on December 4, 2024, in which the exclusion requesters, objectors, Tubi, and Gregory all participated.  *See* Final Approval Order & J. ¶ 5, SR108.

### D.    Tubi Agrees to Arbitrate with Keller Postman Clients Who Opt Out Successfully

Both the four fairness objections and the 23,709 exclusion requests remained pending before the circuit court when Tubi and Keller Postman appeared before a federal district court in Washington, D.C., on December 19, 2024, as part of Tubi's separate lawsuit against Keller Postman.[2]  As part of an agreement between the parties reached during a recess, Tubi sought withdrawal of the four fairness objections.  Tr. of Status Conf. at 44:6–

---

[2] That court described Tubi's lawsuit best: "I have such a big problem with bringing a tortious interference lawsuit against a law firm for litigation that they're in.  I can't begin to tell you how troubling I find that is."  Tr. of Status Conf. at 10:2-5, *Tubi, Inc. v. Keller Postman LLC*, No. 25-cv-1616 (D.D.C. Dec. 19, 2024).  Allowing Tubi's lawsuit to proceed would "interfere with [Keller Postman's] ability to be practicing lawyers on behalf of their clients, which I find distasteful."  *Id*. at 11:1-4.  And it's "a unique case that [Tubi is] suing [Keller Postman].  It's not a unique case that they're doing what they're [doing].  It's an MDL.  It's every single MDL that has ever been filed."  *Id*. at 19:17-20.

10, *Tubi, Inc. v. Keller Postman LLC*, No. 25-cv-1616 (D.D.C. Dec. 19, 2024).  The federal district court underscored that Keller Postman could only "recommend" withdrawal of the objections and could not waive clients' substantive rights without their consent.  *Id*. at 44:11–17.  In return for that recommendation, Tubi agreed to proceed with the arbitrations of a population Keller Postman described to the federal district court as the "arbitration claimants who have validly opted out of the class per the [circuit court's pending], you know, determination."  *Id*. at 45:11–13.  No part of this agreement concerned the waiver of appellate rights by the Appellants or the thousands of other Keller Postman clients with pending exclusion requests.

After the status conference, Cheng, Grant, Banh, and Hill accepted Keller Postman's recommendations and stipulated to the withdrawal of their fairness objections.  Stip. Withdrawing Objs. to Settlement, SR99–102.  The circuit court entered the stipulation, resolving those fairness objections.  Order Granting Stipulation Withdrawing Objs. to Settlement, SR103.

### E.    The Circuit Court Binds Appellants to the Judgment, Which They Appeal

Days later, the circuit court allowed any exclusion requesters who both signed and submitted their own requests out of the case.  Decision & Order ¶¶ 8–9, SR106.  These approximately 15,000 individuals, over whom the circuit court did not exercise personal jurisdiction, are not party to the judgment and are proceeding against Tubi in the arbitrations as agreed.  "List of Opted-Out Class Members From Class Action Settlement,"

Ex. 1 to copy of Final Approval Order & J. attached as Ex. A to Not. of Appeal, SR293–640.[3]

The circuit court separately ruled that 8,690 exclusion requests, signed and/or submitted by Keller Postman on behalf of its clients, were invalid. Decision & Order ¶¶ 7–9, SR106. Appellants are all in this group, over which the circuit court asserted personal jurisdiction when it entered judgment on January 24, 2025. Final Approval Order & J., SR107–17. Specifically, the judgment certified the settlement class and asserted the circuit court's personal jurisdiction over all settlement class members without substantive explanation, including Appellants and the other exclusion requesters whose forms the circuit court found noncompliant. *Id.* ¶¶ 2–3, SR108. Appellants noticed this appeal on February 24, 2025, asking the Court to "reverse or vacate the Final Approval Order and Judgment entered on January 24, 2025" and the incorporated orders. Not. of Appeal, SR276–77.

### F.    Tubi Makes a Post-Appeal Offer to Try to Moot the Appeal

Two weeks later, Nicholas Trutanich, an in-house attorney at Tubi's parent company, Fox Corporation, wrote to Appellants that "Fox Corporation and Tubi, Inc. agree that [they] will not assert in any judicial or arbitral forum that [Appellants] are subject to or bound in any way by the Final Approval Order entered January 24, 2025." Letter from Nick Trutanich to Keller Postman (Mar. 6, 2025), SR123. Tubi's outside counsel then told Appellants that this "concession fully resolves and moots Appellants' appeal" and asked Appellants to "voluntarily dismiss the appeal." Letter from Brandon Fox to Keller Postman

---

[3] Those on this list represented by Keller Postman are ready to proceed with arbitrations as agreed, but Tubi seeks to condition the progress of the arbitrations on the resolution of this appeal. SR128, 140.

(Mar. 7, 2025) ("B. Fox Mar. 7 Ltr."), SR125.  Appellants rejected Tubi's statement to the

extent it was an offer to try and obtain dismissal of the appeal.  Email from Warren Postman

to Brandon Fox (Mar. 11, 2025) ("W. Postman Mar. 11 Email"), SR131.  Tubi responded

by threatening sanctions if Appellants did not withdraw the appeal.  Letter from Brandon

Fox to Warren Postman (Mar. 13, 2025) ("B. Fox Mar. 13 Ltr."), SR134–35.[4]

Appellants then explained that the basis for this appeal was that the circuit court's

"preliminary approval order is legally flawed and that [the] final judgment against [them]

is not supported by personal jurisdiction."  Letter from Warren Postman to Brandon Fox

(Mar. 13, 2025) ("W. Postman Mar. 13 Ltr."), SR137–38.  Appellants explained that they

had preserved the issue.  *Id*.  And they explained that the appeal was not moot because

Tubi's post-appeal statement did not provide the vacatur of judgment they sought and

because this Court's resolution of the issues on appeal would impact other members of the

certified settlement class.  *Id*.  Tubi then filed its motion to dismiss appeal as moot.

## STANDARD

"Mootness, as a doctrine, stems from the concern that parties to a resolved dispute

lack a sufficient personal stake in the outcome to assure that there is an adversarial

relationship that sharpens the presentation of issues upon which the courts largely depend

for illumination of difficult questions."  *Fisch v. Loews Cineplex Theatres, Inc.*, 365 Ill.

App. 3d 537, 539 (1st Dist. 2005).  An appeal "is moot if 'the occurrence of events since

filing of the appeal makes it impossible for the reviewing court to render effectual relief.'"

*People v. Dawson*, 2020 IL App (4th) 170872, ¶ 8.  But "there may be life in an appeal

---

[4] Tubi later claimed that, despite repeatedly tying Mr. Trutanich's letter to the dismissal of
this appeal, Tubi's offer was not "conditional or qualified in any way."  Letter from
Brandon Fox to Keller Postman (Mar. 24, 2025) ("B. Fox Mar. 24 Ltr."), SR140.

where a 'decision could have a direct impact on the rights and duties of the parties.'" *Balmoral Racing Club*, 151 Ill. 2d at 387 (quoting *People ex rel. Bernardi v. City of Highland Park*, 121 Ill. 2d 1, 6–7 (1988)). "[W]here a decision rendered by this court will have important consequences for the parties involved in the appeal, it is proper for this court to entertain the appeal." *Id*. (cleaned up).

## ARGUMENT

The Court should deny Tubi's Motion, which rests on a conflation of mootness and the merits and an overreading of the import of its attempt to secure mootness. Appellants address each deficiency with Tubi's Motion in turn.

**I.    Appellants Preserved Challenges to the Circuit Court's Personal Jurisdiction Over Them**

Tubi characterizes this appeal as an attempt to undo the class settlement. But Appellants' main argument on appeal is not about the settlement itself; it is about the more basic question of whether the circuit court had personal jurisdiction to bind them. Tubi claims that this argument is waived because, under the circuit court's preliminary approval order, the very request to be excluded constituted consent to the court's jurisdiction. That argument is not a proper basis to grant Tubi's motion to dismiss, as it goes to the merits, not mootness. And on the merits question, Tubi is incorrect. Appellants expressly preserved their objection to jurisdiction in every submission they made to the circuit court. The circuit court cannot bootstrap itself into personal jurisdiction by ordering that objections to jurisdiction constitute consent to jurisdiction.

> **A.    Whether Appellants Waived Their Jurisdiction Argument Is a Merits Question, Not a Mootness Issue**

Tubi asks the Court to dismiss this appeal as moot because it claims Appellants waived their argument that the circuit court lacked personal jurisdiction. Mot. at 15–18.

11

That position conflates mootness with the merits. Mootness exists where intervening events cause a once-live controversy to become irrelevant to the parties. *See Fisch*, 365 Ill. App. 3d at 539; *Dawson*, 2020 IL App (4th) 170872, ¶ 8. Whether the circuit court properly asserted personal jurisdiction remains exceedingly relevant to Appellants and other class members, who are now subject to an adverse judgment despite seeking to avoid that result and challenging the circuit court's authority to bring it about. Tubi's argument that Appellants consented to the circuit court's jurisdiction is a merits response to the central question on appeal. That alone is grounds to deny Tubi's Motion or, alternatively, to take the Motion with the case.

      B.      *Appellants' Forced "Consent" Is Not a Valid Basis for Personal Jurisdiction*

To the extent the Court reaches the merits question of whether Appellants consented to personal jurisdiction, it should hold they did not. Contrary to Tubi's assertion, Mot. at 12, Appellants expressly raised their objection to the circuit court's jurisdiction at every step.[5] In their first interactions with the circuit court—their exclusion requests—Appellants objected to the circuit court's personal jurisdiction. Exclusion Reqs., SR653–54, SR657–58, SR661, SR664, SR667, SR670–71, SR674–75, SR678, SR680–81, SR684. These objections each stated that Appellant did "not consent to the Court's personal jurisdiction" and expressly reserved "all rights to challenge such jurisdiction at an appropriate time." *Id.* In their only other interactions with the circuit court, their reply

---

[5] Because Appellants preserved their personal jurisdiction objections, Tubi's authorities for the proposition that "issues not raised in the trial court cannot be raised for the first time on appeal" are inapposite. *Shaun Fauley, Sabon, Inc. v. Metropolitan Life Ins. Co.*, 2016 IL App (2d) 150236, ¶ 33; *see also People ex rel. Wilcox v. Equity Funding Life Ins. Co.*, 61 Ill. 2d 303, 313 (1975) (similar); 4 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 14:13 (6th ed. 2024).

memorandum in support of their exclusion requests, Appellants preserved and elaborated on that objection.  MER at 14–15, SR242–43.  Tubi further responded to that objection on the merits without arguing that the exclusion requesters had waived their challenge to personal jurisdiction.  Def.'s Surreply at 6, SR262.  The circuit court then decided that it had personal jurisdiction, certified a settlement class that included Appellants, and bound Appellants to the adverse judgment.  Final Approval Order & J. ¶¶ 2–3, SR108.

Appellants did not waive these objections by appearing before the circuit court to try to exclude themselves from the settlement.  A "party does not waive its objection to the court's jurisdiction over the party's person so long as the party objects to the court's jurisdiction before the party files a motion or other responsive pleading." *Cardenas Mktg. Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 24 (quoting *Larochelle v. Allamian*, 361 Ill. App. 3d 217, 220 (2d Dist. 2005)).  In the only interactions they ever had with the circuit court, Appellants asserted their objections to its jurisdiction.  Following the change in Illinois law doing away with the need to make a special appearance to preserve such objections, there is "no provision that a 'general appearance,' as such, results in waiver." *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 595 (2d Dist. 2006).  Appellants preserved the circuit court's personal jurisdiction as an issue for appeal.

Based on the record, Tubi cannot credibly claim that Appellants waived their objections to personal jurisdiction in the sense that they failed to raise the issue.  Rather, Tubi's argument appears to be that the circuit court's preliminary approval order effectively required Appellants to either (a) remain in the class and consent to the court's jurisdiction, or (b) seek exclusion from the class and consent to the court's jurisdiction.  Mot. at 15 ("But Appellants never objected to the settlement in the trial court.  They therefore waived their

ability to raise objections on appeal."). To state that position is to refute it. Due process does not allow a court to bootstrap itself into jurisdiction by stating that express *opposition* to the court's jurisdiction shall be deemed consent. *See Shutts*, 472 U.S. at 812 ("due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class"); *Cardenas*, 2012 IL App (1st) 111645, ¶ 22 (Illinois law "no longer requires or mentions the need to file a special appearance to preserve an objection to personal jurisdiction"); *Ryburn v. People*, 349 Ill. App. 3d 990, 993 (4th Dist. 2004) ("until the court has personal jurisdiction over a party, it has no power to act with respect to that party"). Once again, that issue is a question for the merits. But to the extent the Court addresses the issue, it should hold that the circuit court's order violated due process because it did not offer a viable path to contest jurisdiction.

### C.    That Others Raised and Withdrew Fairness Objections Is Irrelevant

Tubi suggests that this appeal should be dismissed because the fairness objectors, Cheng, Grant, Banh, and Hill, agreed to withdraw their objections before the circuit court entered judgment, a stipulation Tubi negotiated into an agreement with Keller Postman to proceed to arbitrations. Mot. at 16–18. The fairness objectors have honored their stipulation and are not among the Appellants. But by its own terms, the stipulation binds only them.[6] Stip. Withdrawing Objs. to Settlement, SR99–100. The stipulation therefore does not impact Appellants' separate preservation of their objections to the circuit court's personal jurisdiction and does not bar Appellants' right to take this appeal.

---

[6] Tubi's authorities do not hold that a statement made on behalf of one client can bind another. *See People v. Bickhaus*, 2014 IL App (1st) 13-1200-U, ¶ 30 (prosecutor's statements bound State in criminal prosecution); *Lowe v. Kang*, 167 Ill. App. 3d 772, 776 (2d Dist. 1988) (defense attorney's statements bound lone defendant).

Understanding this, Tubi turns to equitable estoppel as a last resort.  Mot. at 17 (citing *Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302, 313 (2001)).  But this argument rests entirely on Tubi's subjective view that Appellants' attorneys are prosecuting this appeal—which if successful would benefit not only Appellants but the thousands of other absent out-of-state class members subjected to the same adverse judgment by a circuit court that lacked personal jurisdiction—in "bad faith" and as "a strategy driven entirely by a firm that uses its clients as fungible pieces in its litigation game."  Mot. at 17–19.

Such "personal and hyperbolic attacks . . . do not serve our system of justice . . . [and] do not take the place of factual or legal analysis."  *Shaun Fauley*, 2016 IL App (2d) 150236, ¶ 30.  The facts are that Tubi knew about the personal jurisdiction objections Appellants and other Keller Postman clients had preserved in the months and weeks *before* negotiating for the separate withdrawal of the four fairness objections.  Exclusion Reqs., SR653–54, SR657–58, SR661, SR664, SR667, SR670–71, SR674–75, SR678, SR680–81, SR684; MER at 14–15, SR242–43.  In arms-length negotiations with Tubi, Keller Postman was obligated to protect its clients' rights, not to volunteer them for sacrifice.  That Keller Postman did its job is no basis to apply equitable estoppel or to dismiss this appeal.  To the contrary, the Court's resolution of the personal jurisdiction issue will have "important consequences for the parties involved in the appeal," and that is reason to deny Tubi's Motion, not to grant it.  *Balmoral Racing Club*, 151 Ill. 2d at 387 (cleaned up).

## II.    Tubi's Post-Appeal Offer Not to Enforce the Judgment Against Appellants Does Not Moot This Appeal

Tubi also claims that, because it has offered not to enforce the adverse judgment against Appellants, there is no longer a live controversy on appeal.  Mot. at 12 ("The only

15

challenge Appellants could possibly pursue on appeal is related to their individual requests to exclude themselves from the class.").  That is incorrect for two independent reasons.

First, Tubi's offer is non-binding and leaves Appellants subject to a binding adverse judgment.  If the Court vacates that judgment, it will afford Appellants relief beyond what Tubi's non-binding offer gives them.

Second, because the Court's decision on appeal will impact the "rights and duties" of many parties—including Tubi, Gregory, and other class members bound improperly to the judgment in the same way—Tubi could not moot the appeal even by stipulating to vacate the judgment as to Appellants alone.  *See Balmoral Racing Club*, 151 Ill. 2d at 387.

### A.    *Tubi's Statement Does Not Afford Appellants Complete Relief*

Tubi seeks to dismiss this appeal based on its own actions.  The Illinois Supreme Court has repeatedly examined analogous attempts by defendants to moot putative class actions by purporting to afford relief to named plaintiffs at different stages of litigation.[7] *See Joiner*, 2020 IL 124671, ¶¶ 23–28 (collecting cases).  These cases recognize "the difference between an offer and a tender."  *Id*. ¶ 39.  "An offer is 'a statement that one is willing to do something for another person or to give that person something.'"  *Id.* (citing Black's Law Dictionary (11th ed. 2019)).  "A tender, however, is defined as the actual proffer of money, as distinguished from the mere proposal or proposition to proffer it."  *Id*. (cleaned up).  "A sufficient tender therefore provides the plaintiff *with the relief she seeks*,

---

[7] Tubi relies instead on family law cases in which exogenous factual developments, not the defendant's own efforts, were the basis for mootness on appeal.  *See Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007) (grandchild reaching majority mooted grandparent's appeal of denial of petition to enforce visitation order); *In re Marriage of Donald B.*, 2014 IL 115463, ¶¶ 24-30 (sex offender's satisfaction of statutory requirements to restore visitation rights mooted appeal regarding visitation statute's unconstitutionality).

*not just a promise to provide that relief, as well as an admission of liability*."  *Id.* ¶ 45 (emphasis added).

Tubi's post-appeal statement that it would not enforce the judgment against Appellants was not a tender because it did not provide Appellants with the relief they seek—vacatur of the adverse judgment.  Rather, Tubi's statement was an "offer."  *See id*. ¶ 39.  That is, Tubi merely stated that it was "willing to do something for another person" in not enforcing the adverse judgment against Appellants.  *Id.* (citing Black's Law Dictionary (11th ed. 2019)).  And Tubi repeatedly tied that willingness to Appellants' dismissal of this appeal.  B. Fox Mar. 7 Ltr., SR125; B. Fox Mar. 13 Ltr., SR 134–35.  But Appellants rejected Tubi's offer by declining to dismiss this appeal.  W. Postman Mar. 11 Email, SR131.  "As every first-year law student learns, the recipient's rejection of an offer leaves the matter as if no offer had ever been made."  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016) (cleaned up).  That is why, "[w]hen a plaintiff rejects such an offer— however good the terms—her interest in the lawsuit remains just what it was before.  And so too does the court's ability to grant her relief."  *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81 (2013) (Kagan, J., dissenting)).  And in all events, to moot a matter in Illinois, "[t]he defendant must actually produce the tender; *a mere offer or promise is insufficient*."  *Joiner*, 2020 IL 124671, ¶ 44 (emphasis added).

Tubi attempted to solve this problem by claiming that its post-appeal statement was "not conditional or qualified in any way."  B. Fox Mar. 24 Ltr., SR140.  That is, Tubi appeared to claim that, even if Appellants continue with this appeal and lose on the merits such that their claims remain subject to the adverse judgment, Tubi still will not attempt to enforce the judgment against them.  To the extent that is Tubi's position, then Tubi's post-

appeal statement was a gratuitous promise given without any consideration, is revocable and non-binding, and still leaves Appellants subject to the adverse judgment they seek to vacate. *See Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694, ¶ 27 ("It is a basic tenet of contract law that in order for a promise to be enforceable against the promisor, the promisee must have given some consideration for the promise."). Regrettably, Appellants cannot trust that Tubi will honor a non-binding promise because, in their view, Tubi has repeatedly breached the obligations set forth in its arbitration agreement with each of them—not least by seeking to force them into this class action settlement. W. Postman Mar. 13 Ltr., SR138; *see also* Tubi, Inc. Terms of Use effective May 1, 2022, at 1, SR45 ("YOU AND TUBI WAIVE THE RIGHT TO BRING OR PARTICIPATE IN A CLASS ACTION . . . ."). So, Appellants prefer to continue seeking vacatur of the adverse judgment through this appeal, as is their right.

Finally, even if Tubi's post-appeal statement were analogous to a tender, this appeal is not moot because Tubi's statement failed to provide complete relief. Again, a "sufficient tender . . . provides the plaintiff with *the relief she seeks, not just a promise to provide that relief, as well as an admission of liability*." *Joiner*, 2020 IL 124671, ¶ 45 (emphasis added). Tubi's post-appeal statement does not even free Appellants from the judgment itself, which is the relief they seek, much less constitute an admission to the correctness of Appellants' position. As such, Tubi's post-appeal statement to Appellants that it would not enforce the judgment against them was not an "event[] since [the] filing of the appeal [that] makes it impossible for the reviewing court to render effectual relief." *Dawson*, 2020 IL App (4th) 170872, ¶ 8. In fact, the relief the Court could grant goes far beyond what Tubi's statement entailed. However construed, Tubi's post-appeal statement leaves Appellants subject to an

adverse judgment and therefore cannot afford the complete relief necessary to moot this appeal.[8]

    B.    *A Decision in Appellants' Favor Would Impact Other Parties to the Appeal*

Tubi's post-appeal statement suffers from another dispositive flaw:  It was targeted selectively at Appellants, even though favorable resolution of the issues they raise on appeal would impact every party to the appeal, including Tubi itself and the certified class the circuit court found that Gregory represented.  Careful review of cases on which Tubi relies support Appellants' argument in this regard.  *See Barber*, 241 Ill. 2d at 452–54, 456–57; *Hillenbrand v. Meyer Med. Grp., S.C.*, 308 Ill. App. 3d 381, 391–92 (1st Dist. 1999).

Cases like *Barber* and *Hillenbrand* make clear that in Illinois, a defendant cannot moot an action through a tender made to the named plaintiff after the named plaintiff has moved for or received class certification.  This is not a case in which, for example, an airline tendered a refund of improper baggage fees to a passenger after that passenger had sued but before that passenger had moved for class certification.  *Barber*, 241 Ill. 2d at 452–54.  The holdings in such cases invariably turn on the fact that the named plaintiffs "never moved for or received class certification prior to the trial court's granting of" motions to dismiss for mootness.  *Id*. at 456 (quoting *Wheatley v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 99 Ill. 2d 481, 485–86 (1984)).  As a corollary, where a motion for class certification is "pending at the time the tender is made, the case is not moot, and the circuit court should hear and decide the motion . . . before deciding whether the case is mooted by

---

[8] The existence of this adverse judgment and the fact that Tubi's post-appeal statement does not relieve Appellants of that adverse judgment distinguish Tubi's other mootness cases. *See Turner v. 1212 S. Michigan P'ship*, 355 Ill. App. 3d 885, 897 (1st Dist. 2005) (no attempt by defendant to moot adverse judgment on appeal); *Marrera v. Giralamo*, 2017 IL App (1st) 162971-U, ¶ 27 (same).

the tender." *Id.* at 456–57 (citing *Hillenbrand*, 308 Ill. App. 3d at 392). And applying that distinction in this appellate context makes sense as well, where Tubi has already "received class certification" before Appellants noticed the appeal and the Court's resolution of the issues on appeal would therefore impact many more than just the parties before it on this Motion. *Id.* at 456 (quoting *Wheatley*, 99 Ill. 2d at 485–86).

As noted, "an appeal is not moot when the rights and duties of the parties will be directly affected by the court's decision." *Kastman*, 2022 IL 127681, ¶ 25 n.1 (citation omitted). Tubi's post-appeal statement that it would not enforce judgment against Appellants does not address potential effects to other parties at all.

## CONCLUSION

For the reasons above, the Court should deny Tubi's Motion.

Dated:  April 9, 2025               Respectfully submitted,

SAMANTHA DELLIA, JAYSHA HARRIS,
CLINTON JAMES, CHARLES MORRIS,
JOHN NICHOLSON, DUSTIN OCHS,
MICHAEL PATTERSON, CARLOS
RAGSDALE, ROBERT RICHARDS, and
MONICA SANTOS,

By:    /s/ *Warren D. Postman*
       One of Their Attorneys

Warren D. Postman (ARDC # 6348556)
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
202.918.1870
wdp@kellerpostman.com

Ethan H. Ames (ARDC # 6344179)
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
312.741.5220
ethan.ames@kellerpostman.com

*Counsel for Appellants Samantha Dellia,*
*Jaysha Harris, Clinton James, Charles*
*Morris, John Nicholson, Dustin Ochs,*
*Michael Patterson, Carlos Ragsdale,*
*Robert Richards, and Monica Santos*

## <u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated:  April 9, 2025

By:    /s/ *Warren D. Postman*
Warren D. Postman (ARDC # 6348556)
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
202.918.1870
wdp@kellerpostman.com

No. 4-25-0181

## IN THE APPELLATE COURT OF ILLINOIS
## FOURTH DISTRICT

| | |
|---|---|
| SAMANTHA DELLIA, JAYSHA HARRIS, CLINTON JAMES, CHARLES MORRIS, JOHN NICHOLSON, DUSTIN OCHS, MICHAEL PATTERSON, CARLOS RAGSDALE, ROBERT RICHARDS, and MONICA SANTOS, | Appeal from the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois, |
| *Appellants*, | No. 24–LA–0000209 |
| v. | Hon. Ronald A. Barch, Judge Presiding |
| JACQUELINE GREGORY, individually and on behalf of a class of similarly situated individuals, | |
| *Plaintiff–Appellee*, | |
| TUBI, INC., | |
| *Defendant–Appellee*. | |

## <u>NOTICE OF FILING</u>

To:    *See* attached Certificate of Service

PLEASE TAKE NOTICE that on April 9, 2025, I caused Appellants' Objection to Defendant-Appellee Tubi, Inc.'s Motion to Dismiss Appeal As Moot in this case to be submitted to the Clerk of the Illinois Appellate Court, Fourth Judicial District, by using the Court's electronic filing system.

Dated:  April 9, 2025

Respectfully submitted,

SAMANTHA DELLIA, JAYSHA HARRIS,
CLINTON JAMES, CHARLES MORRIS,
JOHN NICHOLSON, DUSTIN OCHS,
MICHAEL PATTERSON, CARLOS
RAGSDALE, ROBERT RICHARDS, and
MONICA SANTOS,

By:    */s/ Warren D. Postman*
       One of Their Attorneys

Warren D. Postman (ARDC # 6348556)
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
202.918.1870
wdp@kellerpostman.com

Ethan H. Ames (ARDC # 6344179)
KELLER POSTMAN LLC
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
312.741.5220
ethan.ames@kellerpostman.com

*Counsel for Appellants*
*Samantha Dellia, Jaysha Harris,*
*Clinton James, Charles Morris,*
*John Nicholson, Dustin Ochs,*
*Michael Patterson, Carlos Ragsdale,*
*Robert Richards, and*
*Monica Santos*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused **Appellants' Objection to Defendant-Appellee Tubi, Inc.'s Motion to Dismiss Appeal As Moot** to be filed with the Clerk of the Appellate Court of Illinois, Fourth District, via the Court's electronic filing system on April 9, 2025, and caused the same to be served on April 9, 2025, via email on:

David C. Layden
  *dlayden@jenner.com*
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

Brandon D. Fox
  *bfox@jenner.com*
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100

*Attorneys for Defendant–Appellee
Tubi, Inc.*

Evan M. Meyers
  *emeyers@mcgpc.com*
Eugene Y. Turin
  *eturin@mcgpc.com*
Jordan R. Frysinger
  *jfrysinger@mcgpc.com*
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, IL 60601
(312) 893-7002

*Attorneys for Plaintiff–Appellee
Jacqueline Gregory, individually and on
behalf of a class of similarly situated
individuals*

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Warren D. Postman*
Warren D. Postman